# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA RICHARDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11354** |
| **MARRIOTT INTERNATIONAL, INC., MARRIOTT HOTEL SERVICES, INC., HMC PROPERTIES II LIMITED PARTNERSHIP d/b/a MARRIOTT NEW ORLEANS, and ABC INSURANCE CO.** | **SECTION: T(5)** |

## ORDER

Before the Court is a Motion to Remand[1] filed by Cynthia Richardson ("Plaintiff"). Marriott Hotel Services, Inc. ("Defendant") has filed an opposition.[2] For the following reasons, the Motion to Remand[3] is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 20, 2018, Plaintiff slipped and fell at the New Orleans Marriott located at 555 Canal Street, New Orleans, Louisiana.[4] On May 28, 2019, Plaintiff initiated this action in the Civil District Court for Orleans Parish,[5] and the defendants removed the action to the Eastern District of Louisiana on June 25, 2019.[6] The notice of removal represents that the Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and is between citizens of different states.[7] Plaintiff has filed a motion to remand the case to state court contending that the amount in controversy does not exceed $75,000.[8]

---

[1] R. Doc. 16.
[2] R. Doc. 18.
[3] R. Doc. 16.
[4] R. Doc. 1-1.
[5] R. Doc. 1-1.
[6] R. Doc. 1.
[7] R. Doc. 1.
[8] R. Doc. 16.

1

## **LAW AND ANALYSIS**

Courts should determine whether subject-matter jurisdiction is present before addressing other issues.[9] Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress.[10] A defendant may remove a civil action filed in state court if the plaintiff could have brought the action in federal court from the outset.[11] Given the significant federalism concerns implicated by removal, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand."[12] 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different States." Remand is proper if at any time the Court lacks subject-matter jurisdiction.[13]

In this case, the parties dispute whether the amount in controversy exceeds $75,000. If removal is sought on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[14] If, however, state practice "does not permit demand for a specific sum," removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.[15] Because plaintiffs in Louisiana state courts may not specify the numerical value of claimed damages, Defendant must prove by a preponderance of the evidence that the amount in controversy is met.[16] This can be done by (1)

---

[9] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).
[10] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[11] See 28 U.S.C. § 1441(a).
[12] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).
[13] 28 U.S.C. § 1447(c).
[14] 28 U.S.C. § 1446(c)(2).
[15] 28 U.S.C. § 1446 (c)(2)(A)(ii)-(B).
[16] *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008).

demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount.[17]

Here, the amount in controversy is not facially apparent. The Petition includes no details about the extent or nature of Plaintiff's alleged injuries or medical expenses. While the Petition alleges Plaintiff suffered "severe and disabling injuries"[18] and "permanent scarring and permanent disfigurement,"[19] Plaintiff's motion to remand represents that Plaintiff's medical bills total $2,954.50.[20] "Where, as here, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not facially apparent that the amount of damages would exceed $75,000.'"[21] Furthermore, Defendant has submitted no summary judgment type evidence to indicate that the amount in controversy is met. Considering the Petition and the lack of summary judgment type evidence supporting a finding that the amount in controversy is satisfied, the Court concludes that Defendant has not met its burden of establishing that the amount in controversy exceeds $75,000.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Remand[22] is **GRANTED**. This case is hereby remanded to the Civil District Court for Orleans Parish.

**New Orleans, Louisiana**, on this 13th day of February, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[17] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[18] R. Doc. 1-1, ¶4.
[19] R. Doc. 1-1, ¶2.
[20] R. Doc. 16-1, p.3.
[21] *Dunomes v. Trinity Marine Prod., Inc.*, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (*quoting Broadway v. Wal-Mart Stores*, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).
[22] R. Doc. 16.